IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSHUA JAMES HART, #K84581** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:21-cv-00506-DWD |
| | ) |
| **SGT. RIGGS, and** | ) |
| **JANE & JOHN DOES,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Joshua James Hart, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Lawrence Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was involved in an altercation with another inmate on September 1, 2020. Correctional Officer Taylor intervened and held the other inmate on the ground. Plaintiff raised his hands over his head and backed up to the wall. Shortly thereafter, Sgt. Riggs entered the dayroom, walked up to Plaintiff, and sprayed him in the face with mace despite the fact

that Plaintiff was no longer fighting and was obeying Taylor's commands.

## Preliminary Dismissal

Plaintiff names Jane & John Does as defendants, which he identifies in the list of parties as "C/O, Lt. Major, Warden's, IDOC, etc.," but makes no allegations against any Jane or John Does in his statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a Section 1983 claim a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). Absent any allegations describing what these individuals did or failed to do in violation of Plaintiff's constitutional rights, claims against these individuals cannot proceed and they are dismissed without prejudice for failure to state a claim. Further, IDOC, a state government agency, is not subject to suit for money damages under § 1983 and is, therefore, dismissed with prejudice. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

## Discussion

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1:   Eighth Amendment claim against Riggs for use of excessive force on Plaintiff on September 1, 2020 by spraying him with mace.

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). The allegations in the Complaint are sufficient to proceed on the excessive force claim in Count 1 against Riggs.

## Disposition

The Complaint survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows: Jane & John Does are **DISMISSED without prejudice** with the exception that IDOC is **DISMISSED with prejudice.** Count 1 will proceed against Sgt. Riggs. The Clerk of Court is **DIRECTED** to terminate the Doe Defendants.

The Clerk of Court shall prepare for Sgt. Riggs: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 24, 2021

David W. Dugan
United States District Judge

4

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.